■ SMITHTOWN GENERAL HOSPITAL, Appellant, v AMERICAN TRANSIT INSURANCE COMPANY, Respondent. — In a proceeding pursuant to CPLR 7510 to confirm an arbitration award, the petitioner appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Pantano, J.), dated June 10, 1982, as upon granting reargument of a decision granting the respondent's motion to vacate a judgment of the same court, entered December 7, 1981, adhered to said decision, and (2) from an order of the same court, dated August 2, 1982, which, *inter alia*, vacated said judgment. Appeal from the order dated June 10, 1982 dismissed. No appeal lies from an order granting reargument of a decision. Order dated August 2, 1982, reversed, on the law and the facts, and respondent's motion to vacate the judgment denied. Petitioner is awarded one bill of costs. On April 20, 1981, an arbitration award was rendered in favor of petitioner. On September 16, 1981, petitioner commenced this proceeding to confirm the arbitration award. Its application was granted on November 6, 1981 and a judgment was entered accordingly on December 7, 1981. Respondent moved, *inter alia*, to vacate the judgment alleging that it had never been served with the notice of petition to confirm the award. The matter was referred to Special Term for a traverse hearing. Two witnesses testified at the hearing. The process server testified that on September 16, 1981, he went to 350 Fifth Avenue to serve the respondent with the notice of petition to confirm the arbitration award but was unable to do so because the respondent had moved. He was informed by a receptionist that respondent's new location was 330 West 42nd Street. He proceeded to the new address and told respondent's receptionist that he had some legal papers to serve on the company. The receptionist called out to someone and Louis Pioppo appeared. The process server handed him the papers and he read them. While he was reading the papers, another man came in and spoke to Pioppo. He also read the papers. The two men laughed and made some sort of joke and then Pioppo said, "I can take these". The process server then asked Pioppo what his name was and took his description for his affidavit of service. Mr. Pioppo, a 10-year employee of respondent, testified that within the last two or three years he has not accepted service for respondent. He denied ever accepting service of the notice of petition involved in the instant case and stated that as an underwriting and claims clerk, he was not authorized to accept service for respondent. We find that the record established that Mr. Pioppo did, in fact, accept service on behalf of the respondent. Therefore the question arises as to whether or not he was authorized to do so. We answer in the affirmative. "Over the years * * * [t]he trend has been to enlarge rather than diminish the list of those who may accept process on behalf of the corporation" (*Fashion Page v Zurich Ins. Co.*, 50 NY2d 265, 271). In light of this trend, the Court of Appeals has held that (p 273), "when the corporation is regularly doing business in the State, it generally cannot be heard to complain that the summons was delivered to the wrong person when the process server has gone to its offices, made proper inquiry of the defendant's own employees, and delivered the summons accord-

ing to their directions." Since this is precisely what happened in the instant case, we must uphold the petitioner's service of the notice of petition to confirm the arbitration award. Mollen, P. J., Gulotta, O'Connor and Rubin, JJ., concur.